**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CLARENCE BANKS, ) | CASE NO. 1:13-CV-1472 |
| ) | |
| Petitioner, ) | JUDGE POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| JASON BUNTING, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | (Doc. No. 8) |
| Respondent. ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Clarence Banks ("Lampley") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Banks is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio vs. Banks*, Case No. CR 07-12-12-4217 (Summit County April 30, 2008).  See *Banks v. Beightler*, No. 5:09-CV-1569, 2010 WL 3222022 (N.D. Ohio July 7, 2010) (Gallas, M.J.) ("*Beightler I*").  Also before the Court is the State's motion to transfer the § 2254 petition to the United States Court of Appeals for the Sixth Circuit. For the reasons set forth below, it is recommended that this Court GRANT the State's motion, and transfer Banks's petition to the Sixth Circuit.

# I. Factual Background

**A.    Prior State Court and Federal Habeas Proceedings**

The state appellate court reviewing Banks's direct appeal noted the following relevant facts:

> Paula Nelson and Banks had a child together in 2007, but were never married. On December 10, 2007, Nelson agreed to take Banks to a friend's house so the two could celebrate Banks' birthday. Shortly after arriving there, Banks wanted to leave so he and Nelson could have sex. She refused, but instead agreed to take him to his brother's house. As they were driving there, Banks attempted to remove the car's keys from the ignition. When Nelson resisted his efforts, he bit her hand and punched her face and head. Once the struggle ensued, Nelson pulled the car off the road and removed the keys from the ignition, at which point they were thrown into the backseat. Nelson reported to police that during the parties' struggle to recover the keys, Banks continued to bite her on the face and hand, punched her in the face and ribs, tried to strangle her, and told her he was going to kill her. Nelson ran from the car to the nearest house where she called 911.
>
> Banks found the keys to Nelson's car and when police arrived, he fled the scene. When Nelson told police that Banks was driving away in her car, they began pursuing him. With the passenger door ajar, Banks continued driving from the scene despite being followed by police who had activated their sirens and lights. Banks fled through a residential neighborhood and ran two stop signs before hitting a tree and totaling Nelson's car. Banks sustained a broken arm and a concussion. He was bleeding from his head and mouth when he fell out of the car to the ground and stated to police "I am going to kill my wife because she doesn't love me anymore." Banks maintains that he was intoxicated that night and does not recall any of the aforementioned events. Nelson was treated and released for her bite wounds and associated injuries.
>
> On December 27, 2007, Banks was charged with kidnaping in violation of [Ohio Rev. Code] 2905.01(A)(2)/(3)/(4), a first degree felony; intimidation of a crime victim or witness in

> violation of R.C. 2921.04(B), a third degree felony; two counts of domestic violence in violation of R.C. 2919.25(A) and (C), a third degree felony and first degree misdemeanor respectively; two counts of failure to comply with the order or signal of police officer in violation of R.C. 2921.331(B), a third and fourth degree felony respectively; grand theft in violation of R.C. 2913.02(A)(1)/(2)/(4), a fourth degree felony; driving under suspension in violation of R.C. 4510.11, a first degree misdemeanor; and three misdemeanor traffic violations (stop sign, failure to control, and speeding in violation of R.C. 4511.12, R.C. 4511.202, and R.C. 4511.21).
>
> On March 12, 2008, the State amended the kidnaping charge to robbery and offered Banks an agreed sentence of five years. Banks plead guilty to robbery and all other charges listed on the original indictment, but rejected the State's sentencing offer. On April 30, 2008, Banks was sentenced to a total of 14 years in prison: five years for robbery, two years for intimidation of a crime victim, four years for domestic violence, and three years for failure to comply with the order or signal of police officer (where the third and fourth degree felonies were merged). Banks received six months for domestic violence menacing to run concurrent with the other domestic violence count. Banks was sentenced to one year for grand theft, which was merged with the robbery count. Banks was sentenced to 180 days for driving under suspension and costs to be paid for the traffic violations.

*State v. Banks*, No. 24259, 2008 WL 5159002, *1 (Ohio App. Ct. Dec. 10, 2008) ("*Banks I*").

In June 2008, Banks, through counsel, appealed his conviction to the state appellate court, arguing that: (1) the trial court abused its discretion in imposing a sentence that was "grossly disproportionate to his crime and inconsistent with similarly situated offenders"; and (2) the trial court erred as a matter of law when it sentenced Banks to "consecutive sentences for allied offenses of similar import which were committed with a single animus." *Beightler I*, 2010 WL 3222022 at *1. In December

3

2008, the state appellate court affirmed Banks's conviction and sentence. *Id*. In March 2009, Banks, *pro se*, filed a motion for a delayed appeal in the Ohio Supreme Court, which denied the motion in May 2009. *Id*.

In July 2009, Banks filed a § 2254 petition in this Court, in which he raised two grounds for relief:

> **Ground for Relief No. 1:** Conviction obtained by plea of guilty with no understanding of the consequences of the plea by implementing with a grossly excessive and disproportionate sentence inconsistent with similarly situated offenders.
>
> **Ground for Relief No. 2:** Conviction obtained by a violation of the protection against double jeopardy through consecutive sentences for allied offenses of similar import which were committed with a single animus.

*Beightler I*, 2010 WL 3222022 at *1 (internal quotations marks omitted). On July 7, 2010, Magistrate Judge Gallas issued a report and recommendation that this Court deny Banks's petition as untimely and procedurally barred. *Id.* at *5. Petitioner did not file objections to the report and recommendation, and on August 13, 2010, this Court adopted the report and recommendation, and denied Petitioner's § 2254 petition. *Banks v. Beightler*, No. 5:09-CV-1569, 2010 WL 3222020 (N.D. Ohio Aug. 13, 2010) (Zouhary, J.) ("*Beightler II*").

## B. Relevant Subsequent State Proceedings

### 1. *Pro Se* Motions

After this Court denied his § 2254 petition, Banks returned to the state courts. In October 2010, Banks, *pro se*, file a motion to withdraw his guilty plea in the trial court, arguing that he had not voluntarily pleaded guilty because, at the time, he believed he

4

would be sentenced to five years' imprisonment rather than 14. (Motion to Withdraw Plea, Doc. No. 8-1 at Ex. 12.) In November 2010, the state trial court denied the motion. (11/24/2010 Journal Entry, Doc. No. 8-1 at Ex. 15.)

In February 2011, Banks, *pro se*, filed a motion for reduction of sentencing/resentencing, in which he argued that the trial court erred by, *inter alia*, accepting Banks's guilty plea after failing to advise Banks that he would be subject to mandatory terms of post-release control. (Motion to Reduce Sentence, Doc. No. 8-1 at Ex. 16.) In March 2011, the trial court denied the motion. (03/07/2011 Journal Entry, Doc. No. 8-1 at Ex. 18.)

### 2.     Resentencing

In April 2011, Banks filed another motion for resentencing. (§ 2254 Petition at 4, Doc. No. 1) In May 2011, the state trial court directed that Banks be brought before it for a hearing on his sentence. *State v. Banks*, No. 25969, 2012 WL 1026077, *1 (Ohio App. Ct. March 28, 2012) ("*Banks II*"). Thereafter, the State conceded that the trial court had erred in its imposition of post-release control during Banks's sentencing, but argued that the remaining portions of the sentence remained valid and in place. *Id.* On May 23, 2011, the state trial court conducted a hearing on Banks's sentence. (May 23, 2011 Transcript ("Tr."), Doc. No. 8-1 at Ex. 38.)[1]

---

[1] The State did not include Banks's April 2011 motion in the attachments to its motion to transfer the petition. However, both the petition and the state appellate court decision indicate that, in April 2011, Banks filed a second *pro se* motion for resentencing that prompted the trial court to conduct the May 2011 hearing. *Banks II*, 2012 WL 1026077 at *1. The transcript of the May 2011 hearing reflects that, despite denying Banks's earlier *pro se* motions, the trial court recognized that it had erred at Banks's March 2008 sentencing, and intended to re-impose the post-release control portion of Banks's sentence. (Tr. at 11 ("All I intend to do in this hearing is resentence him on the PRC.").)

During the May 2011 hearing, the trial court acknowledged that, at Banks's April 2008 sentencing, it had not informed him that his sentence included mandatory and discretionary terms of post-release control. (Tr. at 3-4.) The court declined to entertain Banks's request to withdraw his guilty plea, noting that it lacked jurisdiction to do so. (Tr. at 10.) The court imposed the statutorily required terms of post-release control, which were concurrent to one another and totaled three years. (Tr. at 16-18.) Thereafter, the trial court described the general requirements of post-release control and warned Banks that violating the requirements could result in additional imprisonment. (Tr. 18-19.)

On May 25, 2011, the state trial court issued a *nunc pro tunc* journal entry, reflecting that, at the May 23, 2011 hearing, it had imposed the mandatory and discretionary terms of post-release control that were part of Banks's sentence. (05/25/2011 Journal Entry, Doc. No. 8-1 at Ex. 19.)

In June 2011, Banks, *pro se*, filed a notice of appeal in the state appellate court. (06/07/2011 Notice of Appeal, Doc. No. 8-1 at Ex. 20.) Thereafter, the state appellate court appointed Banks counsel and, in January 2012, Banks, through counsel, filed an appellate brief that raised the following assignments of error:

> I. The court erred in denying Mr. Bank's [*sic*] motion to withdraw his guilty plea without a hearing.
>
> II. The court erred in sentencing Mr. Banks upon allied offenses of similar import.

(Appellate Brief, Doc. No. 8-1 at Ex. 26.)

In March 2012, the state appellate court affirmed the trial court's judgment. *Banks II*, 2012 WL 1026077 at \*\*2-3. The court relied on Ohio law holding that:

6

(1) where a trial court erred in failing to impose mandatory terms of post-release control as part of a defendant's sentence, only the post-release control portion of the defendant's sentence is void; (2) *res judicata* applies to other aspects of the conviction, including issues of defendant's guilt and the other lawful elements of his sentence; and (3) an appeal from a resentencing hearing in which a trial court imposes a mandatory term of post-release control is limited to issues arising at the resentencing hearing. *Id.* at *2. The court concluded that, given Ohio law in this context, res judicata barred Banks from re-litigating the issues he raised in his appeal. *Id.* at *3.

Banks, through counsel, filed a notice of appeal in the Ohio Supreme Court, in which he reiterated the assignments of error he raised in the state appellate court. (05/11/2012 Notice of Appeal, Memorandum in Support of Jurisdiction, Doc. No. 8-1 at Exs. 30, 31.) In July 2012, the Ohio Supreme Court declined jurisdiction. *State v. Banks*, 969 N.E.2d 1232 (Table), 132 Ohio St.3d 1464 (Ohio 2012).

**C.    Current Federal Habeas Proceedings**

In July 2013, Banks, *pro se*, filed the §2254 petition currently pending before this Court. (§ 2254 Petition, Doc. No. 1.) He raises the following assignments of error:

> I.    Trial court erred in Denying Petitioner's Motion to Withdraw his guilty Plea without a Proper Hearing of Petitioners April 7th 2011 Motion.
>
> II.   Petitioner's Conviction was obtained in violation of the Double Jeopardy Clause were allied offense of similar import, therefore, the trial court committed reversible error.

(*Id.* at 4 (punctuation and grammar as in original).)

In October 2013, the State filed a motion to transfer Banks's petition to the Sixth

7

Circuit, arguing that it was a "second or successive" petition and that this Court lacks jurisdiction over the petition because Banks did not obtain authorization to file a second or successive petition from the Sixth Circuit. (Motion to Transfer, Doc. No. 8.)

## II. Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award habeas relief to state prisoners who have already filed § 2254 petitions. As amended by the AEDPA, 28 U.S.C. § 2244 provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due dilligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). Before filing a second or successive § 2254 petition, the AEDPA requires a petitioner to first obtain an order "authorizing the district court to consider" the petition from the appropriate court of appeals. 28 U.S.C. § 2244(a)(3).

The mere fact that a petitioner has previously filed a § 2254 petition does not

necessarily mean that a subsequent § 2254 petition is a "second or successive" petition. *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (citing *Panetti v. Quarterman,* 551 U.S. 930, 944 (2007)).  Rather, the phrase "second or successive petition" is a term of art "given substance" by the habeas opinions of the Supreme Court.  *Slack v. McDaniel,* 529 U.S. 473, 486 (2000).  Under the relevant decisions, a subsequent petition filed pursuant to § 2254 is not a second or successive petition if it meets either of two criteria.  First, a subsequent petition is not a second or successive petition if the claims asserted in that petition were not ripe at the time an earlier petition was filed.  *See Stewart v. Martinez–Villareal,* 523 U.S. 637, 643-46 (1998) (finding that when a second petition presents a claim identical to a claim that was included in an earlier petition but was not yet ripe for review, the court should treat both petitions as a single application for habeas relief), and *Panetti,* 551 U.S. at 942-44 (holding that a petition that presents a claim that was not presented in an earlier petition but would have been unripe had it been presented is not a second or successive petition).  Second, a petition is not a second or successive petition if it attacks a state court judgment that was not attacked in the previous petition.  *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 2796 (2010) ("According to Magwood, his 1986 resentencing led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244 would apply.  We agree."); *see also Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011) ([A] petition filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive within the meaning of § 2244(b) – even if it includes claims that could have been included, but were not, in the first petition.").  In the specific context of resentencing, the Sixth Circuit has determined that a subsequent

9

habeas petition is not second or successive where it raises a claim that originates at resentencing, and which could not have been addressed in the earlier petition. *Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007) (addressing the issue in the context of the petitioner's § 2255 motion); *Hines v. Coleman*, No. 3:12-CV-1722, 2012 WL 5383505, *6 (N.D. Ohio Nov. 2, 2012) (Katz, J.) ("Federal courts have applied this principle to find that a subsequent habeas petition is not a 'second or successive' petition where it raises a claim that originates at re-sentencing and which could not have been addresses in the earlier petition.")

Here, the State argues that Banks's petition is second or successive because his second ground for relief – that the trial court improperly imposed consecutive sentences for allied offenses of similar import – is identical to the second ground for relief raised in his prior § 2254 petition.  The State also argues that, even if Banks dismissed the second ground for relief in his current petition, the petition would still be second or successive because his first ground for relief – that the trial court erred in denying his motion to withdraw his guilty plea – does not attack a new judgment.  According to the State, the state trial court did not resentence Banks at the May 2011 hearing, but, rather, merely imposed the terms of post-release control required by Ohio law.  Because Banks did not file a response to the motion to transfer, he does not directly reply to the State's arguments.  However, in his current § 2254 petition, he contends that the petition is "not a [s]uccessive [p]etition because [this petition] is from a separate [j]ournal [e]ntry after [r]e-sentencing[.] Petitioner is careful to raise his arguments only from the second [j]ournal [e]ntry to prevent successive [p]etition under 2244." (§ 2254 Petition at 3, Doc. No. 1.)  Banks's argument can be construed to assert that his current

10

§ 2254 petition is not second or successive because it asserts claims that arise out of his resentencing, or that are based on a new judgment.

### A. First Ground For Relief -Motion to Withdraw Guilty Plea

In his first ground for relief, Banks states that the state trial court erred in denying his April 2011 motion to withdraw his guilty plea without conducting a hearing.  He provides the following supporting facts:

> This case is being appealed from Petitioner[']s new Journal Entry filed May 25th 2011[.]  Petitioner asserts that he was Re Sentenced on May 23rd 2011 in the Common Pleas Court in Summit County, Ohio.  On April 26, 2011, Petitioner filed a written Motion to withdraw his guilty plea in CR 07-12-4217.  Petitioner asserts that he would not have entered a plea of guilty to the offenses had he been properly informed that a violation of the terms and conditions of post-release control could result in additional prison time of seven years.  Petitioner asserts that the trial court did not order or examine the transcript of the original sentencing Hearing.  Petitioner asserts that the trial court did not make a factual determination whether Petitioner would have entered a guilty plea had [he] known the potential ramifications of violating Post Control.

([§ 2254 Petition at 4, Doc. No. 1](#).)

Liberally construed, Banks's first ground alleges that his March 2008 guilty plea was not voluntary and knowing because he was not properly advised regarding the post-release control portion of his sentence.  This ground for relief attacks the validity of his underlying conviction rather than any error that arose out of his resentencing hearing.  Accordingly, it is second or successive unless it arises out of a new judgment. *See [Magwood,](#)* 561 U.S. at ___, 130 S.Ct. at 2796.  Banks argues that the May 2011 state trial court *nunc pro tunc* judgment entry constitutes a new judgment, allowing him to raise this claim again in his current habeas petition.  Ohio law, however, precludes

11

this conclusion.

The Ohio Supreme Court has concluded that, where – as here – a trial court fails to properly impose a term of post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside," and the defendant is entitled to a hearing in which he is properly advised regarding the post-release control. *State v. Fischer,* 942 N.E.2d 332, 340, 128 Ohio St.3d 92, 99 (Ohio 2010) (emphasis in original). However, "the new sentencing hearing to which an offender is entitled . . . is limited to proper imposition of post[-]release control." 942 N.E.2d at 341, 128 Ohio St.3d at 99. Further, "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." 942 N.E.2d at 336, 128 Ohio St.3d at 93. In sum, Ohio law prohibited the trial court, at Banks's May 2011 hearing, from revisiting any issue other than the post-release control portion of Banks's sentence. Because the trial court could not consider the other aspects of Banks's conviction – including the voluntary and knowing nature of his plea – it could not issue a new judgment with respect to those aspects of his conviction. Accordingly, Banks's application for relief based on his claim that his March 2008 guilty plea was not voluntary and knowing is second or successive.[2]

---

[2] To the extent that Banks's first ground for relief can also be construed to raise the claim that the state trial court erred in denying his April 2011 motion to withdraw his guilty plea without conducting a hearing, this Court lacks jurisdiction to consider that claim. The state trial court declined to consider Banks's motion to withdraw his guilty plea because, under Ohio law, res judicata barred it from doing so. (Tr. 15-16.) The state appellate court affirmed the state trial court's decision on the same basis. *Banks II*, 2012 WL 1026077 at *2. Accordingly, even if the claim is not second or successive – because the claim was not yet ripe when Banks filed his first habeas petition – this specific issue asserts an error of

**B.      Second Ground for Relief - Allied Offenses of Similar Import**

In his second ground for relief, Banks argues that the trial court violated his constitutional rights by imposing consecutive sentences for allied offenses of similar import. This ground for relief is identical to the second ground for relief raised in Banks's first habeas petition. Further, as discussed above, Ohio law precludes the conclusion that this claim arises out of a new judgment in Banks's state criminal proceedings. Accordingly, Banks's application for habeas relief based on this ground for relief is second or successive.

**C.      Appropriate Relief**

With the exception of the first basis for relief alleged in ground one of his habeas petition, Banks's application for habeas relief is second or successive. Banks did not obtain the authorization from the Sixth Circuit that is necessary for this Court to consider a second or successive application for habeas relief. Accordingly, this Court lacks jurisdiction to consider any portion of Banks's current habeas petition. In its motion, the State requests that this Court transfer the petition to the Sixth Circuit for that court to consider whether to grant Banks authorization to proceed.

Prior to the Supreme Court's decision in *Magwood*, where a petitioner filed a second or successive habeas petition in the district court, Sixth Circuit case law required the district court to transfer that petition to the appellate court pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 46-47 (6th Cir. 1997). However, in

---

state law, which is not cognizable on federal habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.")

*Magwood*, the Supreme Court observed that, in that case, if the petitioner's habeas petition had been second or successive, because the petitioner had not first obtained the required authorization from the relevant circuit court, the district court would have been required to dismiss the petition.  *Magwood*, 561 U.S. at    , 130 S. Ct. at 2796 ("Thus, if Magwood's application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals.").  Since the Supreme Court decided *Magwood*, at least one other judge of this Court, relying on that language from *Magwood*, has dismissed – rather than transferred – a second or successive habeas petition filed without authorization from the Sixth Circuit.  See *Askew v. Bradshaw*, No. 5:12-CV-131, 2013 WL 5279357 (N.D. Ohio Sept. 18, 2013) (Gaughan, J.) (adopting the report and recommendation of Magistrate Judge McHargh).  Other judges have continued to transfer second or successive petitions, pursuant to *Sims*.  See, e.g., *Hines*, 2012 WL 5383505 at * 1 (Katz, J.)

   The Sixth Circuit has not addressed the question whether *Magwood* requires the dismissal – rather than the transfer – of second or successive habeas petitions.  In *In re Smith*, 690 F.3d 809 (6th Cir. 2012), the district court transferred the petitioner's habeas petition to the Sixth Circuit for the circuit court to decide, in the first instance, whether the petition was second or successive.  The Sixth Circuit vacated and remanded, concluding that there was "no mechanism for uncertain district courts to transfer petitions to us for our guidance on their jurisdiction to hear a case." 690 F.3d at 810.  *Smith* was decided after *Magwood*.  In deciding *Smith*, the Sixth Circuit reiterated the holding of *Sims* that "district courts [should] transfer . . . 'successive' petitions to our

14

court for want of jurisdiction under [§ 1631] rather than dismiss them outright." *Id*. Although the issue of whether *Magwood* requires district courts to dismiss successive habeas petitions was not before the Sixth Circuit in *Smith*, that decision is the Sixth Circuit's most recent discussion of the procedure set forth in *Sims*. Nothing in *Smith* calls into doubt the efficacy of the holding in *Sims*. Further, given that the issue in *Magwood* was whether the petitioner's application for relief was second or successive – and not whether the district court should have transferred or dismissed the petition – *Magwood* does not require this Court to question longstanding Sixth Circuit precedent in this context. Accordingly, this Court, pursuant to *Sims*, should transfer the petition to the Sixth Circuit.

### III. Conclusion

For the reasons given above, Banks's § 2254 petition should be transferred to the Sixth Circuit.


Date: November 12, 2013 /s/ *Nancy A. Vecchiarelli*
                                                           United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**